, ARRINGTON VS HOWELL.

*Practice in the Supreme Court.*

1. This Court will not refuse to render a judgment on certificate, where the transcript has not been filed within the three first days of the term, merely on affidavits that the case is not brought up for delay, and that the Clerk below, is interested, and has not sent up the transcript—it not appearing that any diligence has been used, to obtain the transcript from the clerk.

A motion was made, by Clark, in this case, for the affirmance of the judgment rendered below, on the certificate of the clerk of the Circuit Court of Wilcox County. The motion was resisted by Gibbons, on the strength of sundry affidavits, shewing, that this was not a delay case—that the record had been made out, and was expected to have been forwarded to this Court—that other records had been sent from the same clerk,—that he was a party in interest in this cause, and retained the record until called for, by the plaintiff in error, or his attorney, for the purpose of effecting an affirmance on certificate.

GOLD'THWAITE, J.—These affidavits certainly present a strong case, and if the Court could exercise a discretion, it would be inclined to deny the motion; or, having possession of the certificate, to award a *certiorari*, to complete the record. But the statute seems to be imperative. It is to be found in Aikin's Digest,[*] and provides that the citation, with [* Page 256.]

a transcript of the record in the cause, shall be delivered to the party applying for the writ of error, or his, her, or their attorney, to be, by him or them, returned to the next term of the Supreme Court;" and if the record is not filed on or before the third day of the Court, it shall be lawful for the Court, on the production of the citation served, or a proper certificate, to render a judgment of affirmance—" *unless the plaintiff in error, or some other person, shall make affidavit, that the transcript of the record could not be procured from the clerk.*"

The affidavits submitted in this cause, seem to admit that the record is ready, awaiting an application for it. The Court does not wish to be understood as deciding, that application *in person* would be necessary—but, that it must be shewn, that the record could not be obtained from the clerk, after using ordinary diligence. Nor is it supposed by the Court, that its recognition of the strict rule imposed by the statute, can be productive of hardship, as it can always grant the necessary relief, where it can be shewn, that the record can not be procured; or when it shall be produced at a subsequent day in term.

Motion granted.